# EXHIBIT 3

## Declaration of Jacob Robertson

# **DECLARATION OF JACOB ROBERTSON**

Jacob Robertson declares, under penalty of perjury, as follows:

1.      I am employed by Defendant Sohum Systems, LLC, as a Technical Director. I have been working for Sohum since 2000, and on USDA work relating to the PARMO contracts since approximately April 2022. My job duties include program management and proposal capture.

2.      I became generally aware of a teaming agreement among Sohum, CITI and VSolvit to capture the Beech procurement, beginning in the late Spring of 2022. My first work on proposal preparation efforts began sometime in October, 2022.

3.      My work on the Beech program proposal between October 2022 and early February 2023 involved responding to data calls from VSolvit for information concerning Sohum's past performance, resumes for its key personnel, etc. I attended meetings from time to time, at the invitation of VSolvit's proposal manager, Joan Bish.

4.      In working with VSolvit on proposal preparation efforts, I observed that VSolvit very carefully controlled and limited access to data. It set up a Google share drive, carefully segmented between VSolvit, CITI, Sohum and the other team member with which VSolvit was working, SAIC. Each party (except for VSolvit) could access only its own documents or documents that VSolvit specifically authorized it to see.

5.      VSolvit set up the Google share drive so that it would automatically notify team members if changes were made to a document to which that party had authorized access. VSolvit would control not only who had access to each particular document, but whether and how the party would receive notifications of any changes to those documents. An example of a notification sent by Google is attached as **Exhibit A**.

2

6. VSolvit also notified the parties of "stand up" meetings to discuss the progress of proposal preparation efforts. An example of such meeting notification is attached as **Exhibit B**.

7. In order to keep track of developments in the proposal preparation efforts, for a period of time I implemented a script that would, each evening, automatically download copies of documents to which Sohum had authorized access and save them on a Sohum drive. I turned that script off for the final time on February 16, 2023.

8. That script may have automatically downloaded some documents off of the Google drive prior to February 16. Once again, these were only documents that VSolvit specifically authorized Sohum to see.

9. VSolvit carefully monitored authorized access to the Google drive. Nevertheless, for a period of at least a month after the termination (through at least March 12), VSolvit continued to send document change notifications and meeting notifications to Sohum, as well as to CITI. For example, on February 17, Ms. Bish emailed Sohum and CITI about the status and a recap of a meeting held on February 16, noting that no one from Sohum/CITI had joined the meeting. On March 10, Ms. Bish send an email stating "Cancelling this meeting as most of us will be out of office, as well as working on live opportunities with quick turn arounds. We will resume meetings after the 21st. thank you!"

10. Despite objections by Sohum and CITI, VSolvit continued to send regular emails with requests and links to update documents.

11. Some of these notices were generated by the Google server and their source was not readily apparent. Thus, a notification and link on March 2 resulted in Rich Collins of CITI inadvertently opening a document and making changes before discovering the error. Mr. Collins notified me of the problem and warned me in the email attached as **Exhibit C.**

12. Because Sohum, like VSolvit, was using a Google share drive to manage documents and notify program participants of changes that had been made, there was considerable risk that a Sohum employee could inadvertently open a link on a Google notice without seeing that the document came from VSolvit. To guard against that risk, I sent a caution to Bora Cotur, Sohum's system architect, on March 2, notifying him of the risk and telling him not to open links from VSolvit. A screen shot of that "chat" is attached as **Exhibit D.**

13. To the best of my knowledge, neither I nor anyone else at Sohum deliberately sought to download or inspect any VSolvit documents after February 9, 2023.

14. I have reviewed paragraphs 79 through 84 of the Complaint and can respond as follows:

15. With respect to paragraph 79, I have no knowledge of any such viewing or copying of a technical outline. The document may have been downloaded inadvertently by the script, but only if VSolvit allowed that to happen. I did not do that and I have no record that it happened.

16. The same applies to paragraphs 81 and 82, which refer to certain documents allegedly reviewed and copied on February 14 and 15. It is possible that the scripts may have automatically downloaded documents where changes had been made. Any such downloads were not deliberate, however, the scripts were turned off the next day, on February 16. There was no further possibility of downloads after that date.

17. Paragraph 83 refers to the alleged review of a technical outline on March 2. As far as I am aware, no one at Sohum reviewed that document on or about that date. As noted above, Rich Collins of CITI inadvertently opened the document after receiving an invitation to do so from VSolvit. Mr. Collins got out of the document as soon as he realized his error and promptly notified

me that I should be careful as well. I immediately notified Mr. Cotur and advised him to be careful. See **Exhibit D**.

18. Paragraph 84 of the contains no dates for the alleged reviews of the Beech Technical 1 Outline, so Sohum cannot respond. Sohum did not attend any proposal preparation meetings, personally or electronically, with VSolvit after February 9, so the events recounted simply did not occur post-termination.

19. To conclude, Sohum did not deliberately review, copy or download any documents from the VSolvit's computer drives on or after February 9, 2023, the date of termination. Some documents may have been automatically updated on Sohum's drives between February 10 and February 16 as a result of an automatic script, previously in place, that was not shut off until the latter date. Any such documents that may have been downloaded by the automatic script, or opened through inadvertence, were accessed only because VSolvit specifically gave Sohum access and/or specifically invited Sohum to comment. Whether VSolvit failed to restrict access to Sohum after February 9, 2023 through inadvertence, negligence or other reasons, I do not know.

20. I declare under penalty of perjury that the foregoing is true and correct.

_____
Jacob Robertson
Date: 4/10/2023