**KAEMPFER CROWELL**
Robert McCoy, No. 9121
Sihomara L. Graves, No. 13239
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: rmccoy@kcnvlaw.com
Email: sgraves@kcnvlaw.com

**HOLLAND & KNIGHT**
Thomas Brownell (*pro hac vice*)
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia 22102
Telephone: (703) 720-8690
Facsimile: (703) 720-8610
Email: thomas.brownell@hklaw.com

Attorneys for Defendants Sohum Systems, LLC and Creative Information Technology, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VSOLVIT LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> SOHUM SYSTEMS, LLC, a Kansas limited liability company; and CREATIVE INFORMATION TECHNOLOGY, INC., a Maryland corporation, <br><br> Defendants. | Case No. 2:23-cv-00454-JAD-DJA <br><br> **ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants Sohum Systems, LLC ("Sohum") and Creative Information Technology, Inc. ("CITI") (collectively "Defendants") answers Plaintiff VSolvit LLC's ("Plaintiff") complaint as follows:

## NATURE OF CASE

1. Defendants admit the allegations in paragraph 1 of the complaint.

2. Responding to paragraph 2 of the complaint, Defendants admit that they entered into a Teaming Agreement with Plaintiff on or about June 14, 2022. The Teaming Agreement speaks for itself and is the best evidence of the contents thereof, and Defendants deny any allegations inconsistent with the complete text of the Teaming Agreement.

3. Responding to paragraph 3 of the complaint, the Teaming Agreement speaks for itself and is the best evidence of the contents thereof, and Defendants deny any allegations inconsistent with the complete text of the Teaming Agreement.

4. Defendants deny the allegations in paragraphs 4 and 5 of the complaint.

## PARTIES, JURISDICTION & VENUE

5. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of the complaint.

6. Defendants admit the allegations in paragraph 7 of the complaint.

7. Responding to paragraph 8 of the complaint, Defendants admit that CITI is a citizen of Maryland, but aver that its principal place of business is in Virginia.

8. Paragraphs 9 through 11 of the complaint are statements of legal conclusion to which no response is required.

## FACTS COMMON TO ALL COUNTS

### Federal Governmental Contracting

9. Defendants admit the allegations in paragraphs 12 through 14, 16, and 17 of the complaint.

10. Paragraph 15 of the complaint is a statement of legal conclusion to which no response is required.

### Teaming Arrangements

11. Responding to paragraphs 18, 20, and 21 of the complaint, the referenced regulations speak for themselves and are the best evidence of the contents thereof, and Defendants deny any allegations inconsistent with the complete text of the regulations.

12. Defendants admit the allegations in paragraph 19 of the complaint.

### Background on the Parties

13. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 22 through 24 of the complaint.

14. Defendants admit the allegations in paragraphs 25 through 30 of the complaint.

**CIO-SP3 Small Business Contract Vehicle**

15. Upon information and belief, Defendants admit the allegations in paragraph 31 of the complaint.

16. Defendants admit the allegations in paragraphs 32 through 33 of the complaint.

**USDA FPAC Farm Programs Software Delivery (Beech)**

17. Defendants admit the allegations in paragraph 34 of the complaint.

18. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 35 through 36 of the complaint.

**PARMO Contract**

19. Defendants admit the allegations in paragraphs 37 through 38 of the complaint.

20. Defendants admit the allegations in paragraph 39 of the complaint, except that the award date was September 17, 2017, not September 11.

21. Responding to paragraph 40 of the complaint, Defendants admit that the PARMO Agreements were entered into on or about the dates indicated. The PARMO Agreements speak for themselves and are the best evidence of the contents thereof, and Defendants deny any allegations inconsistent with the complete text of the PARMO Agreements. Defendants deny all other allegations in this paragraph.

22. Responding to paragraph 41 of the complaint, the PARMO Agreements speak for themselves and are the best evidence of the contents thereof,

and Defendants deny any allegations inconsistent with the complete text of the PARMO Agreements.

23. Defendants deny the allegations in paragraph 42 of the complaint.

### Teaming Agreements for Beech RFP

24. Responding to paragraph 43 of the complaint, Defendants admit that they discussed teaming for the Beech RFP in the spring of 2022. Defendants deny all other allegations in this paragraph.

25. Responding to paragraph 44 of the complaint, Defendants admit that they agreed to team with VSolvit for the Beech RFP. Defendants deny all other allegations in this paragraph.

26. Defendants admit the allegations in paragraphs 45 and 55–56 of the complaint.

27. Responding to paragraphs 46, 47, and 49 of the complaint, the Teaming Agreements speak for themselves and are the best evidence of the contents thereof, and Defendants deny any allegations inconsistent with the complete text of the Teaming Agreement.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 48, 51, 52 and 53 of the complaint.

29. Responding to paragraphs 50 and 57 of the complaint, Defendants admit that the Teaming Agreement contains the quoted language. Defendants deny all other allegations in these paragraphs.

30. Defendants deny the allegations in paragraphs 54, 59, and 61 through 66 of the complaint.

31. Responding to paragraph 58 of the complaint, the referenced agreement speaks for itself and is the best evidence of the contents thereof, and Defendants deny any allegations inconsistent with the complete text of the referenced agreement. Defendants deny all other allegations in this paragraph.

32. Responding to paragraph 60 of the complaint, Defendants admit that VSolvit conducted a number of meetings in connection with the Beech RFP effort. Defendants deny all other allegations in this paragraph.

**Defendants' Improper Termination for Convenience & Anticipatory Breach of the Agreement**

33. Responding to paragraph 67 of the complaint, Defendants admit that Sohum sent an email to VSolvit and to CITI on February 9, 2023. The referenced email speaks for itself and is the best evidence of the contents thereof, and Defendants deny any allegations inconsistent with the complete text of the referenced email. Defendants deny all other allegations in these paragraphs.

34. Responding to paragraph 68 of the complaint, Defendants admit that CITI sent an email to VSolvit and to Sohum on February 9, 2023. The referenced email speaks for itself and is the best evidence of the contents thereof, and Defendants deny any allegations inconsistent with the complete text of the referenced email. Defendants deny all other allegations in these paragraphs.

35. Defendants deny the allegations in paragraphs 69 through 72, 76, and 77 of the complaint.

36. Responding to paragraph 73 of the complaint, the referenced email speaks for itself and is the best evidence of the contents thereof, and Defendants deny any allegations inconsistent with the complete text of the referenced email. Defendants deny all other allegations in this paragraph.

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 74 of the complaint.

38. Responding to paragraph 75 of the complaint, the referenced letters speak for themselves and are the best evidence of the contents thereof, and Defendants deny any allegations inconsistent with the complete text of the referenced letter. Defendants deny all other allegations in this paragraph.

**Defendants' Access of VSolvit's Beech Team Drive**

39. Defendants deny the allegations in paragraphs 78 through 101 of the complaint.

**CAUSES OF ACTION**

**Count I – Anticipatory Breach of Contract
(Against Defendants Sohum and CITI)**

40. Responding to paragraph 102 of the complaint, Defendants incorporate their responses to the preceding paragraphs.

41. Responding to paragraph 103, Defendants admit that they entered into the Teaming Agreement. The Teaming Agreement speaks for itself and is the best evidence of the contents thereof, and Defendants deny any allegations inconsistent with the complete text of the Teaming Agreement. Defendants deny all other allegations in this paragraph.

42. Defendants deny the allegations in paragraphs 104 and 106 through 113 of the complaint.

43. Responding to paragraph 105 of the complaint, the Teaming Agreement speaks for itself and is the best evidence of the contents thereof, and Defendants deny any allegations inconsistent with the complete text of the Teaming Agreement. Defendants deny all other allegations in this paragraph.

**Count II – Breach of the Implied Covenant of  
Good Faith and Fair Dealing Contract  
(Against Defendants Sohum and CITI)**

44. Responding to paragraph 114 of the complaint, Defendants incorporate their responses to the preceding paragraphs.

45. Defendants deny the allegations in paragraphs 115 through 125 of the complaint.

46. Defendants deny any allegation in the complaint not specifically admitted.

**PRAYER FOR RELIEF**

Defendants deny all allegations contained in Plaintiff's prayer for relief.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no cognizable damages that support a claim for relief.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its own conduct or by the conduct of their agents, representatives, and consultants.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims constitute abuse of process and are barred.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to a failure of a condition precedent.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to a failure of a condition subsequent.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or must be reduced by the doctrine of contributory negligence.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of risk.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff alleges obligations on the part of Defendants that are nonexistent under the parties' Teaming Agreement.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants performed all covenants on their part to be performed, except those that were excused by Plaintiff's conduct, agreement, or otherwise.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants' performance was excused by the doctrine of force majeure.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants' performance was excused by the doctrines of impossibility or impracticability.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants' performance was excused by the doctrine of frustration of purpose.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants' performance was prevented in whole or in part by the actions of Plaintiff or unrelated third parties.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1. That Plaintiff take nothing by virtue of their claims;
2. That Plaintiff's claims be dismissed in their entirety with prejudice;

3. For costs and attorney fees incurred by Defendants in defending against Plaintiff's claims; and

4. For such other relief as the Court deems proper

KAEMPFER CROWELL

Robert McCoy, No. 9121
Sihomara L. Graves, No. 13239
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

HOLLAND & KNIGHT
Thomas Brownell (*pro hac vice*)
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia 22102

Attorneys for Defendants Sohum Systems, LLC and Creative Information Technology, Inc.

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of Kaempfer Crowell and that service of the **ANSWER TO PLAINTIFF'S COMPLAINT** was made on today's date by submitting electronically for filing and service with the United States District Court for the District of Nevada through the PACER Electronic Filing System to the addressee(s) shown below:

| | |
|---|---|
| Maurice B. VerStandig, No. 15346<br>THE VERSTANDIG LAW FIRM, LLC<br>1452 West Horizon Ridge Parkway<br>Suite 665<br>Henderson, Nevada 89012<br>mac@mbvesq.com<br><br>Attorney for Plaintiff<br>VSolvit LLC | Matthew E. Feinberg *(pro hac vice)*<br>Todd Reinecker *(pro hac vice)*<br>Mansitan Sow *(pro hac vice)*<br>Matthew T. Healy *(pro hac vice)*<br>PILIERO MAZZA PLLC<br>1001 G Street, NW<br>Suite 1100<br>Washington, D.C. 20001<br>mfeinberg@pilieromazza.com<br>trienecker@pilieromazza.com<br>msow@pilieromazza.com<br>mhealy@pilieromazza.com<br><br>Attorneys for Plaintiff<br>VSolvit LLC |

DATED April 21, 2023

/s/ Desiree Endres
Desiree Endres
An employee of Kaempfer Crowell