Maurice VerStandig (Nev. Bar No. 15346)
**THE VERSTANDIG LAW FIRM, LLC**
1452 W. Horizon Ridge Pkwy, #665
Henderson, NV 89012
Telephone: (301) 444-4600
Email: *mac@mbvesq.com*

Matthew E. Feinberg (*pro hac vice*)
Todd Reinecker (*pro hac vice*)
Mansitan Sow (*pro hac vice*)
Matthew T. Healy (*pro hac vice*)
**PILIEROMAZZA PLLC**
1001 G Street, NW, Suite 1100
Washington, D.C. 20001
Telephone: (202) 857-1000
Email: *mfeinberg@pilieromazza.com*
Email: *treinecker@pilieromazza.com*
Email: *msow@pilieromazza.com*
Email: *mhealy@pilieromazza.com*

*Attorneys for Plaintiff, VSolvit LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| VSOLVIT LLC, a Nevada limited liability company<br><br>Plaintiff,<br><br>v.<br><br>SOHUM SYSTEMS, LLC, et al<br><br>Defendants. | Case Number 2:23-cv-00454-JAD-DJA<br><br>**ORDER GRANTING UNOPPOSED MOTION TO EXTEND TEMPORARY STAY TO 8/1/24**<br><br>ECF No. 38 |

Plaintiff, VSolvit, LLC ("VSolvit" or "Plaintiff"), in the above-captioned action, by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 7(b) and LR IA 6-2, hereby moves this Honorable Court, with the consent of Defendants, Sohum Systems, LLC ("Sohum") and Creative Information Technology, Inc. ("CITI") (collectively, "Defendants"), to enter an Order extending the stay of all proceedings in this litigation for a period of 180 days. As

{00186798 }

1

grounds therefore, Plaintiff relies on the Memorandum of Points and Authorities submitted herewith.

WHEREFORE, VSolvit respectfully requests that this Honorable Court grant its Consent Motion and enter an Order extending the temporary stay of all proceedings in this litigation for 180 days, to and including August 1, 2024.

**MEMORANDUM OF POINTS AND AUTHORITIES**

VSolvit, pursuant to Federal Rule of Civil Procedure 7(b) and Local Rule 7-2, submits this Memorandum of Points and Authorities in support of its Consent Motion to Extend Temporary Stay and respectfully requests that this Honorable Court grant the motion and extend the stay of all proceedings in this action for a period of 180 days. In support thereof, VSolvit states as follows:

**I.   INTRODUCTION**

This matter arises out of a dispute between former government contracting teaming partners. ECF No. 1 (Compl.) ¶ 1; ECF No. 29 (Defs.' Answer) ¶ 1. Specifically, the parties entered into a teaming agreement to prepare for bidding on a task order, namely, the USDA FPAC Farm Programs Software Delivery ("Beech") task order, which was expected to be issued by the United States Department of Agriculture ("USDA") within weeks of this action's commencement in March 2023. ECF No. 1 ¶ 34; ECF No. 29 ¶ 17. However, the USDA delayed Beech's release several times. The USDA eventually issued the Beech request for proposals ("RFP"), and, after additional extensions, written proposals were due in response to the RFP on July 5, 2023. After the proposal deadline, the USDA amended the RFP again and permitted revised price proposals.

In the run up to the release of Beech, earlier this year, Defendants terminated the parties' teaming agreement. ECF No. 1 ¶¶ 67-68; ECF No. 29 at 33-34. Contemporaneously therewith,

Defendants informed VSolvit that they intended to bid on Beech independent of VSolvit, which prompted VSolvit to bring this action, alleging anticipatory breach of contract and breach of the implied covenant of good faith and fair dealing. *See generally* ECF No. 1.  VSolvit also sought a Temporary Restraining Order and Preliminary Injunction to prohibit Defendants from submitting a bid proposal outside the VSolvit team, which were denied. ECF No. 33.  This Court denied injunctive relief on May 9, 2023.  ECF No. 33.

Subsequent thereto, at the Rule 26(f) conference in this case, the parties conferred regarding how this case should progress.  All parties agreed that the eventual award of the Beech task order would guide these proceedings.  If, for instance, the USDA awarded the Beech task order to VSolvit, VSolvit would likely suffer no damages, and it would dismiss its case.  If a third party (i.e., not Plaintiff or Defendants) won the award, it was possible VSolvit would dismiss its claims, depending on the feedback it received from the USDA about its bid.  And, if the Sohum/CITI team won award of the Beech task order, the matter would proceed on any claims for damages that VSolvit might have.  The parties were unable to meaningfully participate in discovery or progress this matter toward a litigated resolution without knowing how the USDA would award the Beech task order. Accordingly, on June 13, 2023, VSolvit, with Defendants' consent, moved for a temporary stay of this litigation for a period of 120 days while the parties waited for the USDA to make an award decision.  ECF No. 34.  On July 3, 2023, this Court entered a stay of all proceedings until November 1, 2023.  ECF No. 35.

After the initial stay was entered, Defendant Sohum (teaming with CITI) and Plaintiff VSolvit submitted proposals in response to the RFP.  After initial evaluations, Sohum and VSolvit were identified as being among the most highly rated participants in the Beech procurement.  On September 29, 2023, VSolvit was notified that Sohum had been awarded the Beech contract.

{00186798 }

On October 10, 2023, VSolvit filed a post-award bid protest with the U.S. Government Accountability Office ("GAO") challenging the USDA's award to Sohum on several grounds. Because a GAO bid protest normally takes several months to resolve, on November 3, 2023, VSolvit, with the consent of Defendants, moved the Court to further extend the stay by a period of 90 days. ECF No. 36. On November 7, 2023, the Court agreed and extended the stay of proceedings to February 1, 2024. ECF No. 37.

On January 9, 2024, the USDA issued a Notice of Corrective Action ("Corrective Action") with respect to the issues raised in the VSolvit protest. Copy attached as Exhibit A. As part of the Corrective Action, Phase II offerors on the Beech procurement, including Sohum (with CITI) and VSolvit, will be permitted to submit new price proposals and participate in new oral presentations. The parties' submission of revisions to their respective pricing proposals, preparation for oral presentations before the USDA, USDA's evaluation, and USDA's new award, will likely take several months given the amount of work involved in completing those efforts. Depending on the result of the USDA's new award decision, one or more parties may initiate a further protest. At the end of this process, the parties will determine how to proceed with this action, including whether it should go forward or be dismissed.

Given that the outcome of the Corrective Action (and eventual new award) may affect this litigation in material ways, the parties met and conferred, and they agree that extending the stay in this litigation is appropriate to avoid potential duplicative discovery and unnecessary litigation.

## II.    ARGUMENT

"The Court has discretion to grant a stay, especially if doing so would serve the interests of judicial economy and efficiency." *Deutsche Bank Nat'l Tr. Co. as Trustee for the Holders of GSAMP Trust 2005-AHL Mortgage Pass-Through Certificates, Series 2005-AHL v. Westcor*

{00186798 }

*Land Title Ins. Co.*, No. 2:19-cv-00303-GMN-EJY, 2019 WL 8161748, at *1 (D. Nev. Sept. 19, 2019) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  The Court's discretion is "broad," as the power to issue a stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with the economy of time and effort for itself, for counsel, and for litigants."  *KBW Assocs., Inc. v. Jaynes Corp., Inc.*, No. 2:13-cv-01771-GMN-CWH, 2015 WL 631287, at *3 (D. Nev. Feb. 13, 2015) (citing *Landis*, 299 U.S. at 254).  In evaluating whether a stay should be granted, the Court must consider "the competing interests at stake, including: (1) the possible damage which may result from a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) 'the orderly course of justice measured in terms of simplifying or complicating the issues, proof, and questions of law which could be expected to result from a stay."  *Id.* (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).  The Ninth Circuit has held that a "stay pending resolution of an independent proceeding[]" that bears upon the case is appropriate regardless of "whether the separate proceeding[] [is] judicial, administrative, or arbitral in character . . . ."  *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (citations omitted).

Applying the foregoing authorities to the instant case, an additional 180-day stay of all proceedings is appropriate.  First, the parties agree that an extended stay is appropriate.  Accordingly, no injury will result from the Court extending the stay.  To the contrary, injury is far more likely to ensue if a stay is *not* entered.  As noted above, the USDA has taken Corrective Action with regards to its evaluation of the proposals to the RFP and will be issuing a new award decision.  The final award of the Beech task order to VSolvit is likely to result in a prompt resolution of this case, without the need for discovery or further judicial intervention.  Absent an extension of the stay, the parties could be forced to engage in unnecessary discovery and/or

motions practice that will be rendered moot if VSolvit is ultimately awarded the Beech task order (following re-evaluation by the USDA).  Furthermore, prior to final confirmation of the award of the Beech task order (regardless of the identity of the eventual awardee), the parties cannot engage in meaningful discovery related to critical issues, including causation and damages.  Without an extension of the stay, the parties would need to either (a) provide interim discovery responses or deposition testimony, only to revise those responses after the final confirmation of the Beech award; or (b) delay discovery until the final confirmation of the Beech award is made, which could result in future delays impacting the Court's docket.  In addition, if discovery were to take place now, the parties may be required to share confidential and proprietary information related to their yet-to-be-submitted revised proposals, compromising the integrity of the bidding process.

Second, the parties will experience hardship if a stay is not entered.  As noted above, key issues to the ultimate resolution of this case will remain uncertain until the Beech task order is finally confirmed by the USDA's new award decision following the Corrective Action process. Absent an extension of the stay, the parties will likely incur duplicative discovery and deposition costs and may incur fees and costs unnecessarily.

Third, entering a stay would promote the orderly course of justice and simplify the issues. Most notably, the final confirmation of the Beech task order award could resolve the case entirely, which would alleviate the burden this case has on the Court's docket.  The final confirmation of the award will also simplify and streamline the factual and legal issues for the parties.  As noted in the original motion to stay, with regard to most government contracts, a disappointed bidder may request a "debriefing" or tailored feedback about their bid and the reasons the bid was not selected for award.  Debriefing opportunities were made available for the initial Beech award. That is likely to occur again as the USDA has taken corrective action with regard to the Beech

{00186798 }

procurement, and, therefore, will be re-evaluating bidders' pricing proposals before issuing a new award decision. The debriefing data provided by the USDA will be a critical component of all parties' cases and will require the parties' significant attention in discovery.

In sum, extending the stay of these proceedings will not cause prejudice to either party or to the Court's calendar. To the contrary, extending the stay is very likely to streamline these proceedings or eliminate them altogether. The parties agree that extending the stay is appropriate pending the final confirmation of award of the Beech task order. This Court accordingly should extend the stay of these proceedings for a period of 180 days, i.e., until or about August 1, 2024.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff, VSolvit, LLC, respectfully requests that this Honorable Court grant the foregoing Unopposed Motion and enter an Order that extends the temporary stay of all proceedings in this action for a period of 180 days, to August 1, 2024.

Dated: January 31, 2024                Respectfully Submitted,

**VSolvit, LLC**
By Counsel:

/s/ Maurice Verstandig
Maurice VerStandig, Nev. Bar. No. 15346
**THE VERSTANDIG LAW FIRM, LLC**
1452 W. Horizon Ridge Pkway, #665
Henderson, Nevada 89012
Telephone: (301) 444-4600

/s/ Matthew E. Feinberg
Matthew E. Feinberg (*pro hac vice*)
Todd Reinecker (*pro hac vice*)
Mansitan Sow (*pro hac vice*)
Matthew T. Healy (*pro hac vice*)
**PILIEROMAZZA PLLC**
1001 G Street, NW, Suite 1100
Washington, D.C. 20001
Telephone: (202) 857-1000

## ORDER

With good cause appearing, IT IS ORDERED that the unopposed motion to extend the temporary stay of this case until August 1, 2024, to allow the USDA's corrective-action process to be completed **[ECF No. 38] is GRANTED. This case is STAYED until August 1, 2024.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: February 2, 2024