**Marquis Aurbach**
Christian T. Balducci, Esq.
Nevada Bar No. 12688
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
Email: cbalducci@maclaw.com

Maurice VerStandig, Esq.
Nevada Bar No. 15346
**THE VERSTANDIG LAW FIRM, LLC**
1452 W. Horizon Ridge Pkwy, #665
Henderson, NV 89012
Telephone: (301) 444-4600
Email: *mac@mbvesq.com*

Matthew E. Feinberg, Esq. (*pro hac vice*)
Todd Reinecker, Esq. (*pro hac vice*)
Mansitan Sow, Esq. (*pro hac vice*)
Matthew T. Healy, Esq. (*pro hac vice*)
**PILIEROMAZZA PLLC**
1001 G Street, NW, Suite 1100
Washington, D.C. 20001
Telephone: (202) 857-1000
Email: *mfeinberg@pilieromazza.com*
Email: *treinecker@pilieromazza.com*
Email: *msow@pilieromazza.com*
Email: *mhealy@pilieromazza.com*

Attorneys for *Plaintiff, VSolvit LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VSOLVIT LLC, a Nevada limited liability company,<br><br>                          Plaintiff,<br>vs.<br><br>SOHUM SYSTEMS, LLC, et al.,<br><br>                          Defendants. | Case Number:<br>2:23-cv-00454-JAD-DJA<br><br>**STIPULATION FOR LEAVE TO FILE AMENDED COMPLAINT** |

      Plaintiff VSolvit LLC, by and through its counsel of record, Christian T. Balducci, Esq., of the law firm of Marquis Aurbach, and Defendants Sohum Systems, LLC ("Sohum") and Creative Information Technology, Inc. ("CITI") (collectively, "Defendants"), by and

through Thomas Brownell, Esq., of the law firm Holland & Knight and Robert McCoy, Esq. and Sihomara L. Graves, Esq., of the law firm Kaempfer Crowell, hereby stipulate as follows:

1. On or about March 27, 2023, Plaintiff filed the instant matter for anticipatory breach of contract and breach of the implied covenant of good faith and fair dealing. ECF No. 1.

2. On or about April 21, 2023, Defendants filed an Answer to the Complaint. ECF No. 29.

3. On or about June 13, 2023, the parties jointly moved to stay the litigation pending the United States Department of Agriculture's ("USDA") release of the FPAC Farm Programs Software Delivery ("Beech") task order, which is the procurement that the parties agreed to jointly pursue when they entered a teaming agreement. ECF Nos. 34, 35. The stay, after being extended twice due to related bid protest proceedings, ECF Nos. 36-39, terminated on August 1, 2024. ECF No. 39.

4. On or about August 1, 2024, the parties reported to the Court that their dispute persists. ECF No. 41, ¶¶ 9-10 ("Plaintiff contends that, given [Beech's] current status . . . it can proceed with its claim for damages at this time. Defendants[, Sohum Systems, LLC and Creative Information Technology, Inc. (collectively "Defendants")] disagree, contending that, regardless of what further action USDA may take, the cancelation of the Beech solicitation renders Plaintiff's action in this case moot, and in the alternative, that Plaintiff cannot prove its alleged damages."). The parties further reported that this case was ready to proceed and that it should do so once Plaintiff has amended the Complaint and Defendants have either filed an Answer to the amended Complaint or a dispositive motion. *Id.* ¶ 11.

5. The parties thus "request[ed] that the Court enter an Order establishing a deadline of August 30, 2024 for the filing of Plaintiff's Amended Complaint and a deadline of September 27, 2024 for the filing of Defendant's responsive pleading." *Id.* at 4.

6. "A motion for leave to amend brought under Rule 15(a)(2) should be granted freely 'when justice so requires.'" *Bates v. Las Vegas Metro. Police Dep't*, Civil Action No. 2:22-cv-00957-CDS-EJY, 2024 WL 3887408, at *2 (D. Nev. Aug. 8, 2024) (quoting FED. R. CIV. P. 15(a)(2)). "This policy is 'to be applied with extreme liberality.'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

7. In determining whether to grant a motion for leave to amend, "the Court considers whether there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Bates*, 2024 WL 3887408, at *2 (quoting *Eminence Cap., LLC*, 316 F.3d at 1052) (brackets in original). All inferences to be drawn must be in favor of granting leave to amend when the Court considers these factors. *Id.* (citing *Griggs v. Pace Am. Grp., Inc.*, 107 F.3d 877, 880 (9th Cir. 1999)).

8. The interests of justice weigh in favor of granting Plaintiff leave to amend its Complaint as none of the aforementioned factors are present.

9. First, Plaintiff has not delayed amending its Complaint nor does it seek to do so now in bad faith or with a dilatory motive. To the contrary, Plaintiff moves for leave promptly after the parties determined that the USDA's corrective action process has proceeded to a sufficient point where the litigation can continue. USDA recently resolved the uncertainty related to the Beech procurement when it elected to terminate Beech in its entirety and proceed with a new bidding process.

10. Second, this is the first instance in which Plaintiff has sought to amend its Complaint. Thus, it has not "repeatedly" failed to cure deficiencies in its complaint, which, to be sure, there were none. Rather, the amendment is necessary to ensure the Complaint comports with the factual developments following USDA's decision to cancel Beech.

11. Third, no party will be prejudiced should the Court grant Plaintiff leave to amend. Indeed, Defendants have authorized Plaintiff to represent that they stipulate to the

1  relief requested herein. *See also Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022) (prejudice "is the most important consideration in determining whether to allow amendment"); *see also Montes v. Bank of Am.*, Civil Action No. 2:13-cv-00660-RCJ-VCF, 2014 WL 13450232, at *3 (D. Nev. Apr. 3, 2014) ("The Ninth Circuit has repeatedly stated that the prejudice must be 'substantial.'") (quoting *Duggan v. Hobbs*, 99 F.3d 307, 313 (9th Cir. 1996) (other citation omitted)).

12. Fourth, this Court may grant Plaintiff leave to amend despite the parties conflicting positions on the ultimate merits of Plaintiff's case; those disputes are more appropriately resolved through a motion to dismiss or motion for summary judgment should Defendants choose to file the same. *Montes*, 2014 WL 13450232, at *3 ("A proposed amended complaint is 'futile' if it would not withstand a Rule 12(b)(6) motion to dismiss.") (citations omitted); *Playup, Inc. v. Mintas*, Civil Action No. 2:21-cv-02129-GMN-NJK, 2022 WL 1528488, at *1 (D. Nev. May 13, 2022) ("[D]enial of leave to amend on [futility] ground[s] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.") (quoting *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)); *Babbitt v. Nielsen*, Civil Action No. 2:18-cv-02076-RFB-NJK, 2019 WL 918986, at *2 (D. Nev. Feb. 2, 2019) (declining to consider futility when permitting leave to amend).

13. Based on the foregoing, Plaintiff respectfully requests leave to file an amended complaint.

14. A copy of the proposed Amended Complaint is appended hereto and marked as Exhibit 1.

15. The Defendants shall have until September 27, 2024, to file their pleadings in response to the Amended Complaint.

**Case Number: 2:23-cv-00454-JAD-DJA**
<u>VSolvit LLC vs. Sohum Systems, LLC, et al.,</u>

| | |
|---|---|
| Dated this 30th day of September 2024. | Dated this 30th day of September 2024. |
| **MARQUIS AURBACH** | **HOLLAND & KNIGHT** |
| By: <u>/s/ Christian T. Balducci</u><br>  Christian T. Balducci, Esq.<br>  Nevada Bar No. 12688<br>  10001 Park Run Drive<br>  Las Vegas, Nevada 89145<br><br>  Maurice VerStandig, Esq.<br>  Nevada Bar No. 15346<br>  THE VERSTANDIG LAW FIRM, LLC<br>  1452 W. Horizon Ridge Parkway, #665<br>  Henderson, Nevada 89012<br><br>  Matthew E. Feinberg, Esq. (pro hac vice)<br>  Todd Reinecker, Esq. (pro hac vice)<br>  Mansitan Sow, Esq. (pro hac vice)<br>  Matthew T. Healy, Esq. (pro hac vice)<br>  PILIEROMAZZA PLLC<br>  1001 G Street, NW, Suite 1100<br>  Washington, D.C. 20001<br><br>  *Attorney for Plaintiff, VSolvit, LLC* | By: <u>/s/ Thomas Brownell</u><br>  Thomas Brownell, Esq. (pro hac vice)<br>  1650 Tysons Blvd., Suite 1700<br>  Tysons, VA 22102<br><br>  Robert McCoy, Esq.<br>  Nevada Bar No. 9121<br>  Sihomara L. Graves, Esq.<br>  Nevada Bar No. 13239<br>  KAEMPFER CROWELL<br>  1980 Festival Plaza Drive, Suite 650<br>  Las Vegas, Nevada 89135<br><br>  *Attorneys for Sohum Systems, LLC and Creative Information Technology, Inc.* |

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: _____