**MARQUIS AURBACH**
Christian T. Balducci, Esq.
Nevada Bar No. 12688
Tabetha J. Steinberg, Esq.
Nevada Bar No. 16756
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
Email: *cbalducci@maclaw.com*
Email: *tsteinberg@maclaw.com*

**PILIEROMAZZA PLLC**
Matthew E. Feinberg (*pro hac vice*)
Todd Reinecker (*pro hac vice*)
Mansitan Sow (*pro hac vice*)
Matthew T. Healy (*pro hac vice*)
1001 G Street, NW, Suite 1100
Washington, D.C. 20001
Telephone: (202) 857-1000
Email: *mfeinberg@pilieromazza.com*
Email: *treinecker@pilieromazza.com*
Email: *msow@pilieromazza.com*
Email: *mhealy@pilieromazza.com*
*Attorneys for Plaintiff, VSolvit LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| VSOLVIT, LLC, a Nevada limited liability company<br><br>Plaintiff,<br><br>v.<br><br>SOHUM SYSTEMS, LLC, and CREATIVE INFORMATION TECHNOLOGY, INC., a Maryland corporation<br><br>Defendants. | Case Number 2:23-cv-00454-JAD-DJA<br><br>**RULE 26(f) REPORT AND STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff, VSolvit, LLC ("Plaintiff" or "VSolvit"), and Defendants, Sohum Systems, LLC ("Sohum") and Creative Information Technology, Inc. ("CITI") (collectively, the "Parties"), in the above-entitled action, by and through their undersigned counsel, pursuant

to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, jointly submit and stipulate to the following Stipulated Discovery Plan and Scheduling Order:

1. **Meeting.**

The Parties participated in a Rule 26(f) and LR 26-1(a) conference on December 16, 2024. Matthew Feinberg, Esq. participated on behalf of Plaintiff and Thomas Brownell, Esq. and Robert McCoy, Esq. participated on behalf of Defendants.

2. **Initial Disclosures.**

The Parties have stipulated that they will make their Initial Disclosures on or before January 10, 2025.

3. **ESI Discovery and Disclosures.**

The Parties will produce electronically-stored information, if any, without alteration in the form currently stored, or in a PDF copy of the same. Production should be in native electronic format with attachments produced consecutively with emails, so that they documents are produced together. Any and all document productions transmitted by the Parties shall be in a load-ready production. Any further production protocols will be the subject of specific directions in written discovery requests under Federal Rule of Civil Procedure 34. The Parties will meet and confer in good faith in the event of any disputes regarding the specific production protocols requested by any party during discovery.

4. **Discovery Limits and Protections.**

The Parties anticipate that they will submit a stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect confidential and proprietary information and trade secrets of the Parties. The Parties do not presently anticipate that they will seek an order of limitation or protection under Federal Rule of Civil Procedure 26(b). Should a matter arise during discovery that alters one or more of the Parties' positions, the Parties agree to meet and confer in good faith in an attempt to stipulate to any appropriate limitation or protection.

//

//

**5. Scope of Discovery.**

Discovery may be sought on any and all matters relevant to the pleadings pursuant to Rule 26. Based on the information known at this time, the Parties intend to conduct discovery on at least the following subjects:

(a) The factual and legal basis for Plaintiff's breach of contract claim;

(b) The factual and legal basis for Plaintiff's breach of the implied covenant of good faith and fair dealing claim;

(c) The factual and legal basis for Plaintiff's misappropriation of trade secrets claim (under both the federal Defend Trade Secrets Act and the Nevada Trade Secrets Act);

(d) The extent, amount, and nature of Plaintiff's claimed damages; and

(e) The factual and legal basis for Defendants' affirmative defenses to any and all claims raised in the Amended Complaint.

The Parties reserve their respective rights to object to any discovery request at the time it is made and seek a protective order, on an as-needed basis. Generally, the Parties intend to conduct written discovery, followed by percipient witness depositions, followed by expert depositions. However, the Parties do not want to limit themselves to that order and may serve follow-up written discovery any time before the discovery deadline or take depositions before written discovery is completed.

**6. Discovery Cut-Off Date.**

The Parties request that the discovery cut-off date be October 5, 2025, which is approximately 300 days (i.e., 10 months) from December 16, 2024, the date of the Parties' Rule 26(f) Conference. The length of discovery is necessitated by:

(i) the time needed to conduct third-party document discovery and possibly third-party depositions, including discovery from the United States Government pursuant to *Touhy* requests pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (it is common for

the United States Government to take six months or more to provide document productions in response to *Touhy* requests);

(ii) scheduling and conducting party depositions after written discovery, to include depositions of corporate designees and other employee witnesses of each party;

(iii) the time needed for the Court to resolve Defendants' motion to dismiss, which, if granted, would impact the issues on which discovery may be required and on which expert witnesses may provide opinion and/or testimony; and

(iv) the time needed for the Parties to explore early resolution of the case through mediation or alternative dispute resolution, if agreed.

**7. Amending Pleadings and Adding Parties.**

The Parties request that the last day to file motions to amend pleadings or add parties be July 11, 2025, which is approximately 90 days prior to the close of discovery.

**8. Expert Disclosures.**

The Parties request that the last day to disclose initial expert witnesses be July 11, 2025, which is approximately 90 days before the close of discovery. Rebuttal expert witnesses shall be disclosed no later than September 5, 2025, which is approximately 30 days before the close of discovery.

**9. Dispositive Motions.**

The Parties request that the last day to file and serve dispositive motions be November 7, 2025, which is approximately 30 days after the close of discovery.

**10. Joint Pretrial Order.**

In the event no dispositive motions are filed, the Parties shall submit a proposed pre-trial order on or before December 5, 2025, which is approximately 30 days after the dispositive motion deadline. In the event dispositive motions are filed, the proposed joint pre-trial order shall be submitted within 30 days after decision on the dispositive motions or as further ordered by the Court.

**11. Pretrial Disclosures.**

The Parties shall make the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3) at least 30 days prior to trial. Objections to pretrial disclosures must be made no later than 14 days after pretrial disclosures are made.

**12. Alternative Dispute Resolution.**

The Parties certify that they have conferred about the possibility of using alternative dispute resolution, including private mediation, and will continue to discuss the possibility of using such forms of alternative dispute resolution.

**13. Alternative Forms of Case Disposition.**

The Parties certify that they have considered consent to trial by United States Magistrate Judge under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 and the use of the Short Trial Program but are not willing to stipulate to trial by United States Magistrate Judge or use of the Short Trial program at this time.

**14. Electronic Evidence.**

The Parties certify that they have discussed whether they intend to present evidence in electronic format to jurors for purposes of deliberations. The Parties have not reached any stipulations in such regard at this time.

**15. Consent to Email Service.**

The Parties have agreed that, to the extent not served through CM/ECF (e.g., filings under seal, unfiled discovery, notices, and other communications), the Parties will effectuate service via email in lieu of other service methods, and such service shall constitute proper service under Federal Rule of Civil Procedure 5(b)(2)(E) on all counsel who have entered an

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

appearance of the party to be served.  If transmission of voluminous materials as an email attachment is impractical, those materials shall be sent via a secured link.

Dated this 23rd day of December, 2024.

**MARQUIS AURBACH**

/s/ Christian T. Balducci
Marquis Aurbach
Christian T. Balducci, Esq., NV Bar No. 12688
10001 Park Run Drive
Las Vegas, Nevada 89145

Matthew E. Feinberg (*pro hac vice*)
Todd Reinecker (*pro hac vice*)
Mansitan Sow (*pro hac vice*)
Matthew T. Healy (*pro hac vice*)
**PILIEROMAZZA PLLC**
1001 G Street, NW, Suite 1100
Washington, D.C. 20001

*Attorneys for Plaintiff, VSolvit LLC*

**KAEMPFER CROWELL**

/s/ Robert McCoy
Robert McCoy, Esq., NV Bar No. 9121
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

Thomas Brownell (*pro hac vice*)
**HOLLAND & KNIGHT**
1650 Tysons Blvd, Suite 1700
Tysons, Virginia 22102

*Attorneys for Defendants Sohum Systems, LLC and Creative Information Technology, Inc.*

## **ORDER**

IT IS SO ORDERED:

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: _____