KAEMPFER CROWELL
Robert McCoy, No. 9121
Sihomara L. Graves, No. 13239
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: rmccoy@kcnvlaw.com
Email: sgraves@kcnvlaw.com

HOLLAND & KNIGHT
Thomas Brownell (*pro hac vice*)
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia 22102
Telephone: (703) 720-8690
Facsimile: (703) 720-8610
Email: thomas.brownell@hklaw.com

Attorneys for Defendants Sohum Systems, LLC and Creative Information Technology, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VSOLVIT LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SOHUM SYSTEMS, LLC, a Kansas limited liability company; and CREATIVE INFORMATION TECHNOLOGY, INC., a Maryland corporation,<br><br>Defendants. | Case No. 2:23-cv-00454-JAD-DJA<br><br>**ANSWER TO AMENDED COMPLAINT** |

Defendants Sohum Systems, LLC ("Sohum") and Creative Information Technology, Inc. ("CITI") (collectively "Defendants") answer

Plaintiff VSolvit LLC's ("Plaintiff") Amended Complaint (ECF No. 44) as follows:

1. Defendants admit the allegations of paragraph 1.

2. In response to paragraphs 2 through 5, Defendants admit that they entered into a teaming agreement (the "Agreement") with Plaintiff, respectfully refer the Court to that Agreement as the best evidence of its contents and otherwise deny the allegations of paragraphs 2 through 5.

3. Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 6 and therefore deny them.

4. Defendants admit the allegations of paragraph 7.

5. Defendants admit the allegations of paragraph 8, except that CITI's principal place of business is located in Virginia.

6. In response to paragraph 9, Defendants do not dispute that this Court has subject matter jurisdiction of this matter.

7. In response to paragraph 10, Defendants do not dispute that they are subject to personal jurisdiction in this Court.

8. In response to paragraph 11, Defendants do not dispute that venue is proper in this Court.

9. Defendants admit the allegations of paragraph 12 through 19.

10. Paragraphs 20 through 21 are statements of legal conclusion to which no response is required.

11. Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraphs 22 through 24 and therefore deny them.

12. Defendants admit the allegations of paragraphs 25 through 35.

13. In response to paragraph 36, Defendants admit that the Beech task order was to have consolidated the work of several previous task orders, but otherwise deny the allegations of that paragraph.

14. Defendants admit the allegations of paragraphs 37 through 39.

15. In response to the allegations of paragraphs 40 through 41, Defendants respectfully refer the Court to the so-called "PARMO" agreements, as the best evidence of the contents thereof and otherwise deny the allegations of that paragraph.

16. Defendants deny the allegations of paragraph 42.

17. In response to paragraphs 43 through 50, Defendants admit that they entered into the Agreement, but deny the remaining allegations of those paragraphs as stated.

18. Defendants lack knowledge or information to respond to paragraphs 52–53 and therefore deny them.

19. In response to paragraphs 54 through 55, Defendants admit that they had certain initial contacts with VSolvit concerning the Agreement, but otherwise deny the allegations of those paragraphs as stated.

20. Defendants lack knowledge or information sufficient to respond to paragraph 56–58 and therefore deny them.

21. Defendants admit the allegations of paragraph 59.

22. Defendants deny the allegations of paragraphs 60 through 65 as stated.

23. Defendants deny the allegations of paragraph 66.

24. In response to paragraphs 67 through 68, Defendants admit that they sent the referenced emails to VSolvit on February 9, 2023, respectively refer the Court to those emails as the best evidence of the contents thereof and otherwise deny the allegations of those paragraphs.

25. Defendants deny the allegations of paragraphs 69 through 72.

26. In response to paragraph 73, Defendants admit that they received the referenced email from VSolvit on February 11, 2023, respectively refer the Court to that email as the best evidence of the contents thereof and otherwise deny the allegations of that paragraph.

27. Defendants lack knowledge or information sufficient to respond to paragraph 74 and therefore deny them.

28. In response to paragraph 75, Defendants admit that they received the referenced emails from VSolvit on February 21, 2023, respectively refer the Court to those emails as the best evidence of the contents thereof and otherwise deny the allegations of that paragraph.

29. Defendants deny the allegations of paragraph 76 through 77.

30. In response to the allegations of paragraph 78, Defendants admit that Sohum submitted a bid on the Beech task order as prime with CITI as primary subcontractor and otherwise deny the allegations of that paragraph.

31. Upon information and belief, Defendants admit the allegations of paragraph 79.

32. Defendants deny the allegations of paragraphs 80 through 108.

33. Defendants lack knowledge or information sufficient to respond to paragraph 109 and therefore deny them.

34. Defendants admit the allegations of paragraph 110.

35. Defendants lack knowledge or information sufficient to respond to paragraph 111 and therefore deny them.

36. Defendants admit the allegations of paragraph 112.

37. Defendants deny the allegations of paragraph 113.

38. Defendants admit the allegations of paragraph 114.

39. Defendants lack knowledge or information sufficient to respond to paragraph 115 and therefore deny them.

40. Defendants admit the allegations of paragraphs 116 through 117.

41. In response to paragraph 118, Defendants aver that they were not required to and therefore did not award VSolvit any workshare from the bridge contract.

42. Defendants admit the allegations of paragraph 119.

43. Defendants deny the allegations of paragraph 120.

44. Defendants admit the allegations of paragraphs 121 through 122.

45. Defendants admit that they have been performing the bridge contract, but otherwise deny the allegations of paragraph 123.

46. Defendants lack knowledge or information sufficient to respond to paragraph 124 and therefore deny them.

47. Defendants deny the allegations of paragraphs 125 through 130.

48. In response to paragraph 131, Defendants incorporate by reference their responses to paragraphs 1 through 130 of the Amended Complaint.

49. Defendants deny the allegations of paragraphs 132 through 134 as stated.

50. Defendants deny the allegations of paragraphs 135 through 138.

51. In response to paragraph 139, Defendants incorporate by reference their responses to paragraphs 1 through 130 of the Amended Complaint.

52. Defendants deny the allegations of paragraphs 140–152.

53. In response to paragraph 153, Defendants incorporate by reference their responses to paragraphs 1 through 130 of the Amended Complaint.

54. Defendants deny the allegations of paragraphs 154 through 164.

55. Defendants incorporate by reference their responses to paragraphs 1–130 of the Amended Complaint.

56. Defendants deny the allegations of paragraph 166 through 176.

57. Defendants deny each and every allegation of the Amended Complaint not expressly admitted herein and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint is barred by Plaintiff's prior breach of contract.

### THIRD AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by the mootness of the dispute between the parties.

## FIFTH AFFIRMATIVE DEFENSE

Counts I and II of the Amended Complaint are barred by the Defendants' termination of the Agreement for convenience, in accordance with Section 10.4 of the Agreement.

## SIXTH AFFIRMATIVE DEFENSE

Counts I and II of the Amended Complaint are barred by the termination of the Agreement by the operation of Article 10 of the Agreement, including without limitation, subparagraphs, 10.1.1, 10.1.3 and 10.1.10.

## SEVENTH AFFIRMATIVE DEFENSE

Counts III and IV of the Amended Complaint are barred by the defenses of waiver and/or consent, in that VSolvit deliberately and without justification continued to send allegedly Confidential Information to Defendants after Defendants' notification of the termination of the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1. That Plaintiff take nothing by virtue of their claims;

2. That Plaintiff's claims be dismissed in their entirety with prejudice;

3. For costs and attorney fees incurred by Defendants in defending against Plaintiff's claims; and

1        4.     For such other relief as the Court deems proper.

KAEMPFER CROWELL

*/s/ Robert McCoy*

Robert McCoy, No. 9121
Sihomara L. Graves, No. 13239
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

HOLLAND & KNIGHT
Thomas Brownell (*pro hac vice*)
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia 22102

Attorneys for Defendants Sohum Systems, LLC and Creative Information Technology, Inc.

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of Kaempfer Crowell and that service of the **ANSWER TO AMENDED COMPLAINT** was made on today's date by submitting electronically for filing and service with the United States District Court for the District of Nevada through the PACER Electronic Filing System to the addressee(s) shown below:

| | |
|---|---|
| Christian T. Balducci, No. 12688<br>Tabetha J. Steinberg, No. 16756<br>MARQUIS AURBACH<br>10001 Park Run Drive<br>Las Vegas, Nevada 89145<br>cbalducci@maclaw.com<br>tsteinberg@maclaw.com | Matthew E. Feinberg *(pro hac vice)*<br>Todd Reinecker *(pro hac vice)*<br>Mansitan Sow *(pro hac vice)*<br>Matthew T. Healy *(pro hac vice)*<br>PILIERO MAZZA PLLC<br>1001 G Street, NW, Suite 1100<br>Washington, D.C. 20001<br>mfeinberg@pilieromazza.com<br>treinecker@pilieromazza.com<br>msow@pilieromazza.com<br>mhealy@pilieromazza.com |
| Attorneys for Plaintiff<br>VSolvit LLC | Attorneys for Plaintiff<br>VSolvit LLC |

DATED May 7, 2025

_____
Desiree Endres
An employee of Kaempfer Crowell